UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Kismet Rock Hill, LLC,<br><br>        Debtor. | CHAPTER 11<br>Case No. 21-01926-hb |
| Kismet Rock Hill, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Kismet Wilmington, LLC,<br><br>        Defendant. | Adv. Pro. No. 22-80038-hb |

## ANSWER TO PLAINTIFF'S ADVERSARY COMPLAINT

NOW COMES Defendant Kismet Wilmington, LLC ("Defendant"), by and through its undersigned counsel, and responding to the Adversary Complaint, does hereby allege and state as follows:

### PARTIES

1. Admitted upon information and belief.

2. Admitted.

### JURISDICTION

3. The allegation set forth in Paragraph 3 is a legal conclusion to which no response is required; to the extent a response is required, admitted.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4; therefore, the allegations in Paragraph 4 are denied.

5. The allegations set forth in Paragraph 5 are legal conclusions to which no response is required; to the extent a response is required, admitted.

6. The allegations set forth in Paragraph 6 are legal conclusions to which no response is required; to the extent a response is required, admitted.

7. The allegations set forth in Paragraph 7 are not directed towards Defendant; therefore, no response is required. To the extent a response is required, the allegations are denied for lack of knowledge or information.

## CAUSE OF ACTION

8. It is admitted that Kartar Singh is a member of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Kartar Singh's relationship with Debtor; therefore, except as specifically admitted, denied.

9. It is admitted that Defendant is a separate, independent entity that has no relationship with Debtor. It is further admitted that at all relevant times, no managers or members of Defendant were authorized to transfer company funds to Debtor, to provide loans to Debtor using company funds, or to borrow funds from Debtor. It is further admitted that at all relevant times, to the extent managers and/or members of Defendant borrowed money from or made loans to Debtor, such conduct was unauthorized, wrongful, and constituted a fraudulent misappropriation of company funds. Except as specifically admitted, denied.

10. The allegations in Paragraph 10 are denied for lack of information or knowledge sufficient to form a belief.

11. The allegations in Paragraph 11 are denied for lack of information or knowledge sufficient to form a belief.

12. Denied. Upon information and belief, Kartar Singh fraudulently misappropriated company funds from Defendant to use for the benefit of Debtor in an amount far in excess of that claimed to be owing to Debtor by Defendant.

13. It is admitted that a document purporting to reflect an internal accounting of the balance claimed by Debtor is attached to the Complaint as Exhibit A. Defendant lacks information or knowledge sufficient to form a belief as to the accuracy of the contents of Exhibit A, and therefore, the same are denied. Except as specifically admitted, denied.

14. Defendant lacks information or knowledge sufficient to form a belief as to whether a demand letter dated March 4, 2022 was sent to Defendant by Debtor, and therefore, the allegations of Paragraph 14 are denied.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15; therefore, the allegations of Paragraph 15 are denied.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16; therefore, the allegations of Paragraph 16 are denied.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17; therefore, the allegations of Paragraph 17 are denied.

18. Any and all remaining allegations, inferences, or conclusions in the Complaint, including, but not limited to, those in its prayer for relief and any caption or section heading to which Defendant has not specifically responded, are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Fraud)

Plaintiff's claim is barred in whole or in part by its own fraud and/or the fraud of its agents with respect to the transactions at issue.

4853-8250-4765, v. 1

## SECOND AFFIRMATIVE DEFENSE
(Illegality)

Plaintiff's claim is barred in whole or in part by the fact that the transactions at issue were in contravention of South Carolina law.

## THIRD AFFIRMATIVE DEFENSE
(Lack of Authority)

Plaintiff's claim is barred in whole or in part by the fact that Plaintiff knew or should have known that the transactions at issue were not authorized by Defendant.

## FOURTH AFFIRMATIVE DEFENSE
(Equitable Doctrines of Waiver, Estoppel, and Laches)

Plaintiff's claim may be barred in whole or in part by the doctrine of waiver, estoppel, and/or laches.

## FIFTH AFFIRMATIVE DEFENSE
(Unclean Hands)

Plaintiff's claim is barred by the doctrine of unclean hands as a result of Plaintiff's own wrongful, fraudulent, inequitable, and/or willful actions, inactions, and behavior.

## SIXTH AFFIRMATIVE DEFENSE
(Offset)

To the extent that Defendant owes Plaintiff any sum, which is specifically denied, such sum is offset by the amount of money owing to Defendant by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE
(Further Defenses)

Without waiving the foregoing Defenses, and in addition thereto, Defendant has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings or upon receipt of additional information. Defendant further

reserves the right to amend this responsive pleading and/or affirmative defenses and/or to delete affirmative defenses that Defendant determines are not applicable during the course of subsequent discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Kismet Wilmington, LLC respectfully prays the Court for relief as follows:

1. That Plaintiff have and recover nothing of Defendant and that the Court dismiss the Complaint with prejudice;

2. That each of Plaintiff's claims for damages, costs, attorney's fees, interest, or other relief be denied;

3. That the Affirmative Defenses asserted by Defendant be received by the Court as a complete bar to any recovery by Plaintiff against Defendant;

4. That the costs of this action as allowed by law, including reasonable attorney's fees, be taxed against Plaintiff; and

5. That Defendant have and recover such other and further relief as the Court may deem just and proper.

**JOHNSTON, ALLISON & HORD, P.A.**

By: /s/ David V. Brennan
David V. Brennan
SC Bar No. 102925
(District Court Bar No. 13578)
1065 East Morehead Street
Charlotte, NC  28204
Telephone: 704-332-1181
Facsimile:  704-376-1628
Email: dbrennan@jahlaw.com
ATTORNEYS FOR DEFENDANT KISMET WILMINGTON, LLC

Charlotte, NC
November 3, 2022

4853-8250-4765, v. 1